33 C.C.P.A. (Patents)

## In re RUBEL.
### Patent Appeals No. 5186.

Court of Customs and Patent Appeals.

June 11, 1946.

H. C. Dieserud, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

From the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 25 to 34, inclusive, 36, 37, and 39 to 43, inclusive, as not being inventive in view of the prior art, appellant has here appealed. Two claims were allowed.

Claims 25 and 26 were regarded by the board as being representative of the appealed subject matter and follow:

"25. In apparatus of the class described a supporting table, a sewing machine mounted on said table and having a work supporting surface, complementary stitch forming means including a reciprocable needle arranged to cooperate with work supported on said surface, means for operating said stitch forming means, a motor and clutch unit carried by said table beneath said machine and connected with said operating means for driving the same, a blower having a rotor arranged to be driven by said motor and clutch unit for producing a current of air continuously during operation of the machine, and a conduit for delivering said current of air to a point adjacent said needle, the discharge end of said conduit being so disposed and of such depth and width as to project a stream of air across substantially the entire path of movement of said needle at one side of said work support, said conduit being of such cross-sectional area throughout its length as to be capable of delivering between .1 and .3 of a cubic foot of

186

air per second at a velocity not exceeding 100 feet per second.

"26. A method of increasing the permissible speed of operation of a multiple-needle sewing machine having an individual driving motor which comprises delivering a continuous stream of cooling air created by the driving means for the machine to substantially the entire zone through which the active portions of the needles are operated at one side of the work, said air being delivered at a rate between .1 and .3 of a cubic foot per second."

The references relied upon are: Robinson 286,164 Oct. 2, 1883; Bates 1,758,101 May 13, 1930; Le Vesconte 2,080,322 May 11, 1937; Le Vesconte 2,082,738 June 1, 1937; Callaghan 2,144,326 Jan. 17, 1939.

Appellant's alleged invention is described by the examiner as follows: "The subject matter of this application relates to the cooling of sewing machine needles. The sewing machine bed has mounted thereunder, a motor which is coupled by a clutch to a pulley for operating the sewing mechanism. The pulley is on a shaft which carries the blades of a blower. Air is carried from the blower outlet, through a suitable conduit and discharged in the vicinity of the sewing needles. Sufficient cross section is provided at the discharge end to pass air over a rather large area. The size of conduit and the blower are selected to deliver a large volume of air at a relatively low velocity and pressure."

It is pointed out in appellant's specification and in his brief in this court that his application is concerned with the cooling of sewing machine needles, particularly those used in factories or workshops where heavy, hard materials, such as twill, denim, and the like, are being made into garments. In order to increase production, it is necessary that the machine operate at high speed, in which instance, in the kind of work described, the needles used will heat to the extent that they are damaged or break or the thread may be damaged.

It was old in the art, as is shown by the references, to cool sewing machine needles by currents of air.

Appellant urges that his improvement as defined by the seventeen appealed claims, which consists in increasing the space on the needle where it contacts the air by providing a larger nozzle so that all that part of the needle which enters the cloth will be supplied with a current of cool air and at such low pressure as will conserve the power required to move the air, involves invention. The importance of the angle at which the air contacts the needle is also stressed.

The Robinson patent shows a sewing machine having a blower mounted below the machine head and driven from the main shaft. He forces air through a conduit at a point adjacent the needle for the purpose of blowing away cuttings. Although it is obvious that the air would cool the needle, nothing is mentioned in the patent concerning such cooling.

Bates discloses a sewing machine in which an air supply pipe and nozzle are arranged so that the air strikes the needle of the machine and also the thread. He employs a narrow blast of air at the exact point where he thinks it is needed in order to save power. His nozzle is narrower and obviously the air will have a greater speed than is intended by appellant.

The Le Vesconte patent, No. 2,080,322, shows a machine using several needles at the same time and they are air-cooled through a pipe which is directed over the needles by means of an expanding nozzle. The pump supplying the air is controlled by the movement of the needle bar and is synchronized with the operation of the machine.

The Le Vesconte patent, No. 2,082,738, shows cooling the needle of a sewing machine by a suction pipe. It draws the air through the work. It likewise is operated synchronously with the machine.

The Callaghan patent employs a fan mounted on a shaft in the sewing machine head. The fan operates whenever the machine is used. The fan blows the air through a conduit and the air is directed against the needle from a nozzle.

Claims 28 to 34, inclusive, 36, 37, 42 and 43 were rejected on Bates in view of both patents to Le Vesconte.

Air is furnished to machines of this character by blowers and compressors. Appel-

lant has chosen a blower, since high pressure is not desirable. Appellant's blower is not materially different from that shown by Le Vesconte. While Le Vesconte uses air in a somewhat different manner than does appellant, Bates suggests appellant's way of doing it.

The above-enumerated claims were also rejected on Callaghan or Bates in view of Robinson, the examiner stating: "It would not involve any invention to use the air blast for cooling the needle and it appears well within ordinary skill to mount the Robinson blower on the Bates or Callaghan machines".

Claims 29, 40 and 41 are method claims. They were all rejected as unpatentable over Bates, Callaghan, or Le Vesconte, 2,080,-322. The examiner stated: "While several of the claims call for specific volumes or velocity of the air, these differences, if any, over the references appear to be matters of choice and expediency. A wide choice of velocities and amounts of air obviously exists. Applicant has merely selected a blower adequate for the purpose. Obviously, a smaller one might not produce sufficient air. A larger one might overwork the motor, but a large motor could then be used."

The Board of Appeals affirmed the action of the examiner for substantially the same reasons as those assigned by the examiner and concluded:

"The claims are limited to certain specific details such as the velocity and pressure of the air, the angle at which it is delivered adjacent the needle, air pressure, etc. which are deemed to have no patentable weight. These are details that must be worked out in the design of the machine.

"With the brief appellant has filed an affidavit directed mainly to reasons why an ordinary air compressor could not be used advantageously for the purpose in hand. This affidavit is of a type which does not render necessary reference to the examiner for report and is deemed to have no bearing upon the patentability of the present claims. Each of the patents to Robinson, Callaghan and Le Vesconte, 2,082,738, show[s] that it is old to use ordinary blowers to deliver air in such quantities as will keep the needles at the proper temperature."

It seems to us that appellant, if he has made an improvement in the needle cooling art, has done nothing more than what might be expected from one skilled in the art. While the appealed claims do not read directly on any one of the cited references, we agree with the board and the examiner that such references suggest doing what appellant has done and that making such modifications in the size of the motor, in the rapidity of the current of air, and in the size of the nozzle as appellant has done did not involve the inventive faculty.

The decision of the board is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.